**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Namwest, LLC, et al.<br><br>         Debtors.<br>_____<br><br>Namwest, LLC; Namwest-Town Lakes II, LLC,<br><br>         Plaintiffs,<br><br>vs.<br><br>Namwest-Town Lakes, LLC; Theodore Kohan; Arizona Tempe Town Lake, LLC; Business to Business Markets, Inc.,<br><br>         Defendants.<br>_____ | No. CV-09-0169-PHX-FJM<br><br>**ORDER** |

      The court has before it defendants, Theodore Kohan, Arizona Tempe Town Lake, LLC, and Business to Business Markets, Inc.'s (the "Kohan Parties") motion to withdraw the reference of adversary proceeding (doc. 2), and plaintiffs/debtors Namwest, LLC, and Namwest-Town Lakes II, LLC's ("plaintiffs/debtors") response (doc. 12). The Kohan Parties did not file a reply.

1  This adversary proceeding arises from the purchase and proposed development of two
2 contiguous parcels of real property adjacent to Tempe Town Lake, known as the "Club Rio
3 Property" and the "Wilde Property." The Wilde Property is owned by plaintiff/debtor Town
4 Lakes II, a wholly-owned subsidiary of plaintiff/debtor Namwest, LLC. The Club Rio
5 Property is owned by non-debtor defendant Namwest-Town Lakes, LLC ("Town Lakes I").
6 Plaintiffs/debtors seek a declaration that they possess an option to purchase the Club Rio
7 Property ("Club Rio Option"). They claim that the Club Rio Option is a material asset of the
8 bankruptcy estate and is necessary for their successful reorganization under Chapter 11.

9  The Kohan Parties also claim an interest in the Club Rio and Wilde Properties. In
10 April 2008, before plaintiffs/debtors filed the present Chapter 11 petitions, the Kohan Parties
11 filed an action in state court against plaintiffs/debtors and others, alleging claims of breach
12 of contract, fraud, negligent misrepresentation, and breach of fiduciary duty. In essence, the
13 Kohan Parties asserted that they own an equitable interest in the entities holding title to the
14 Club Rio and Wilde Properties. After plaintiffs/debtors filed their Chapter 11 petitions, the
15 state court entered a stay of all proceedings against not only the debtors, but also the non-
16 debtor defendants.

17  Shortly after the state court issued the stay, plaintiffs/debtors filed the present
18 adversary proceeding, seeking a declaration that they own an option to purchase the Club Rio
19 Property, and naming the Kohan Parties as defendants. The Kohan Parties now assert that
20 they may be obligated under Rule 7013, Fed. R. Bankr. P., and Rule 13(a), Fed. R. Civ. P.,
21 to assert their state law claims against the plaintiffs/debtors as compulsory counterclaims in
22 the adversary proceeding. They seek withdrawal of the reference to the bankruptcy court
23 because none of their proposed claims are core proceedings within the bankruptcy court's
24 jurisdiction. They also argue that because their proposed claims are based entirely on state
25 law, they have a Seventh Amendment right to a jury trial, which cannot be held in the
26 bankruptcy court without consent of all the parties.

27  We "may withdraw, in whole or in part, any case or proceeding referred under this
28 section, on [our] own motion or on timely motion of any party, for cause shown." 28 U.S.C.

§ 157(d). In determining whether cause exists, we will consider "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." Security Farms v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers, 124 F.3d 999, 1008 (9th Cir. 1997). Withdrawal may promote efficiency where non-core issues predominate. Id.

The Kohan Parties do not allege that they have filed any counterclaims to date. Instead, as currently presented, the adversary proceeding is a declaratory judgment action seeking to identify estate assets. This is a core proceeding within the jurisdiction of the bankruptcy court. We cannot decide whether unasserted claims by the Kohan Parties' constitute core or non-core claims. Therefore, the motion to withdraw the reference is premature. If and when the Kohan Parties file counterclaims, cross-claims, or third party claims, the bankruptcy court can determine in the first instance whether any new claims are non-core. See 28 U.S.C. § 157(b)(3).

We note that, even if the Kohan Parties assert non-core claims over which it has a right to a jury trial, immediate withdrawal of the reference is not required. See In re Healthcentral.com, 504 F.3d 775, 787-88 (9th Cir. 2007). The bankruptcy court may retain jurisdiction to address pretrial matters, including discovery and routine and dispositive motions. Id. In order to promote the interests of judicial economy and the bankruptcy court's unique knowledge of Title 11, district courts should "allow[ ] the bankruptcy court to retain jurisdiction over the action until trial is actually ready." Id. at 787.

**IT IS ORDERED DENYING** the Kohan Parties' motion to withdraw the reference (doc. 2).

DATED this 20th day of April, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge